IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DARLENE FULLER, ELAINE FULLER | § | |
| MICHAEL FULLER, JEREMY FULLER, | § | |
| and LINDSEY BAKER, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-cv-165 |
| | § | |
| INDIANA MILLS & MANUFACTURING, | § | |
| Inc., SEATS INCORPORATED, and | § | |
| PACCAR, INC., | § | |
|     Defendants. | § | **JURY REQUESTED** |

## NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

Comes now Defendant PACCAR Inc. (hereinafter **"PACCAR"**), and with the written consent of its Co-Defendants, files this its Notice of Removal of the present action from the 111th Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.  In support of this removal, PACCAR respectfully shows this Court the following:

## I.
### INTRODUCTION

**1.** The present products-liability lawsuit arises from a one-vehicle crash that occurred on August 31, 2012.  *See* **Exhibit E** at (Pl. 1st Am. Petition) ¶11.  At the time of the subject crash, Danny Fuller (**"Mr. Fuller"**) was driving a 2003 Kenworth T800 tractor (the **"subject tractor"**) with a trailer on State Highway 44. *Id.*  Plaintiffs allege the crash

occurred when the subject tractor left the roadway, impacted a guardrail, and overturned onto its side. *Id.*  Mr. Fuller sustained fatal injuries in the crash. *Id.* at ¶13.

2.      On July 30, 2014, Plaintiffs filed this lawsuit in the 111th District Court of Webb County, Texas. *See generally* **Exhibit D** (Pl. Orig. Pet).  Plaintiffs named the following three entities as defendants in the lawsuit: **(1)** PACCAR; **(2)** Indiana Mills & Manufacturing, Inc.; **and (3)** Seats Incorporated. Plaintiffs allege the subject tractor failed to protect Mr. Fuller in the crash.  *See* **Exhibit E** at (Pl. 1st Am. Petition) ¶13.  Based upon this general allegation that the subject tractor was not crashworthy, Plaintiffs have asserted causes of action against all three defendants for negligence and strict products liability. *Id.* at ¶¶14-22.  Plaintiffs seek to recover "monetary relief over $1,000,000." *Id.* at ¶10.

3.      As addressed in further detail below, PACCAR now timely files this Notice of Removal, because there is complete diversity of citizenship between Plaintiffs and Defendants, and Plaintiffs' alleged damages listed above exceed the jurisdictional limits of this Court.

## II.
## REMOVAL IS TIMELY

4.      Plaintiffs served PACCAR with a copy of Plaintiffs' First Amended Petition on September 10, 2014.[1] *See* **Exhibit C**.  Pursuant to 28 U.S.C. §1446(b)(3), PACCAR now timely files this Notice of Removal within 30 days after service and receipt of Plaintiffs'

---

[1] Plaintiffs did not serve PACCAR with a copy of their Original Petition.

Petition.  Additionally, this case is being removed within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

## III.
## GROUNDS FOR REMOVAL

**5.**     Removal is proper because Plaintiffs and Defendants are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

**A.     The Amount in Controversy Exceeds $75,000.**

**6.**     The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).  As noted above, Plaintiffs seek recovery for the death of Mr. Fuller, and in doing so, Plaintiffs are requesting monetary relief in the amount of "more than $1,000,000." **Exhibit E** at (Pl. 1st Am. Petition) ¶¶10-11.

**B.     Complete Diversity of Citizenship between Plaintiff and State Farm.**

**7.**     There is also complete diversity of citizenship between Plaintiffs and Defendants:

  **a.**  Based upon information and belief, four of the Plaintiffs are citizens of Texas, and one of the Plaintiffs is a citizen of Alabama.  *See* Pl. Orig. Pet. at ¶2.

  **b.**  PACCAR is a citizen of Washington because it is a Washington corporation with its principal place of business in Bellevue, Washington. *See* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated

and of the State or foreign state where it has its principal place of business."). PACCAR is *not* a citizen of Texas or Alabama.

   **c.** Co-Defendant Indiana Mills & Manufacturing, Inc. is a citizen of Indiana because it is an Indiana corporation with its principal place of business in Westfield, Indiana. *See* 28 U.S.C. §1332(c)(1). Indiana Mills & Manufacturing, Inc. is *not* a citizen of Texas or Alabama.

   **d.** Co-Defendant Seats Incorporated is a citizen of Wisconsin because it is a Wisconsin corporation with its principal place of business in Reedsburg, Wisconsin. *See* 28 U.S.C. §1332(c)(1). Seats Incorporated is *not* a citizen of Texas or Alabama.

### IV.
#### CONSENT OF PACCAR'S CO-DEFENDANTS

**8.** Prior to removing this case to federal court, PACCAR obtained the written consent of its only two co-defendants, as required under 28 U.S.C. §1446(b)(2)(A). The written consent of Indiana Mills & Manufacturing, Inc. is attached to this Notice of Removal as **Exhibit I**, and the written consent of Seats Incorporated is attached as **Exhibit J**.

### V.
#### VENUE IS PROPER

**9.** Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Laredo Division of the Southern District of Texas encompasses Webb County, Texas. *See* 28 U.S.C. §124(b)(3).

# VI.
## PACCAR HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

10.    As required under 28 U.S.C. §1446(a) and Local Rule 81,[2] the following documents are attached to this Notice of Removal:

a.  **EXHIBIT A:**      An index of matters being filed;

b.  **EXHIBIT B:**      The docket sheet;

c.  **EXHIBIT C:**      All executed processes in the case;

d.  **EXHIBIT D:**      Plaintiff's Original Petition;

e.  **EXHIBIT E:**      Plaintiffs' First Amended Petition;

f.  **EXHIBIT F:**      PACCAR's Answer to Plaintiffs' First Amended Petition;[3]

g.  **EXHIBIT G:**      Corporate Disclosure Statement

h.  **EXHIBIT H:**      Notice of Removal to State Court

i.  **EXHIBIT I:**      Indiana Mills & Manufacturing, Inc.'s Consent to Removal

j.  **EXHIBIT J:**      Seats Incorporated's Consent to Removal

k.  **EXHIBIT K:**      Indiana Mills & Manufacturing, Inc.'s Original Answer

l.  **EXHIBIT L:**      Seats Original Answer

m. **EXHIBIT M:**      Miscellaneous items filed in State Court

---

[2] The state judge did not sign any orders in this case.

[3] On September 25, 2014, PACCAR filed an Answer in the state court proceeding. *See* FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

**11.**     In addition, with this Notice of Removal, PACCAR is also filing its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1. *See* **Exhibit G**.

**12.**     The filing fee has been paid to the Clerk of Court.

**13.**     On filing of this Notice of Removal, PACCAR will promptly provide written notice to Plaintiffs and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).  A copy of that notice is attached as **Exhibit H**.

**14.**     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

**15.**     In the event this Court subsequently identifies a defect in this Notice of Removal, PACCAR respectfully requests this Court to grant it leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## VII.
### JURY DEMAND

**16.**     PACCAR made a jury demand in the state court proceeding and has therefore preserved its right to a jury trial.  *See* FED. R. CIV. P. 81(c)(3)(A).

## VIII.
### CONCLUSION

**17.** PACCAR represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 111t$^h$ Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.  Accordingly, the filing of this notice, along with the filing of the notice in the State court and service of the notice upon Plaintiffs' counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the State court of all jurisdiction over these proceedings and claims.

**18.** This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, TX 78701
(512) 472-0288 (Telephone)
(512) 472-0721 (Facsimile)

By:   _____/s/ Chris Pearson_____
Chris Pearson (Lead Counsel)
State Bar No. 15690440
S.D. Admission No. 16575
cpearson@germer-austin.com
Ryan Bueche (Associate Counsel)
State Bar No. 24064970
S.D. Admission No. 1419712
rbueche@germer-austin.com

Martha Cigarroa de Lanno
 (Local Counsel)
**Person, Whitworth, Borchers &**
**Morales, L.L.P.**
State Bar No. 04250800
S.D. Admission No. 11402
602 East Calton Road,
P.O. Box 6668
Laredo, Texas 78042
Telephone: 956-727-4441
Fax: 956-727-2696
MDellano@personwhitworth.com

**ATTORNEY FOR DEFENDANT PACCAR INC.**

## CERTIFICATE OF SERVICE

I hereby by my signature below that a true and correct copy of the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas on this the 9th day of October, 2014.

E. Todd Tracy
Stuart D. Matthews
Andrew G. Counts
5473 Blair Road, Suite 200
Dallas, Texas 75231
(214) 324-9000
(972) 387-2205 Fax

**COUNSEL FOR PLAINTIFFS**

Jaime A. Saenz
Colvin, Chaney, Saenz & Rodriguez, L.L.P.
ja.saenz@rcclaw.com
Victor Rodriguez, Jr.
vi.rodriguez@rcclaw.com
1201 East Van Buren (78520)
Post Office Box 2144
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 (fax)
**COUNSEL FOR DEFENDANT INDIANA MILLS & MANUFACTURING, INC.**

Dana Roberts
General Counsel, Nordic Group Companies, Ltd.
droberts@nordicgroup.com
715 Lynn Avenue, Suite 100
Baraboo, WI 53913-2744
**COUNSEL FOR DEFENDANT SEATS INCORPORATED**


                    _____/s/ Chris Pearson_____
                    Chris Pearson / Ryan Bueche