# EXHIBIT D

Filed
7/30/2014 4:14:12 PM
Esther Degollado
District Clerk
Webb District
2014CVT001558D2

Cause No. _____

| | | |
|---|---|---|
| Darlene Fuller, | § | In the District Court |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | \_\_\_\_ Judicial District |
| | § | |
| Indiana Mills & Manufacturing, Inc., | § | |
| Seats Incorporated, and | § | |
| Paccar, Inc., | § | |
| | § | |
| *Defendants.* | § | Webb County, Texas |

## PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

**To the Honorable Judge of Said Court:**

COMES NOW, Darlene Fuller (hereinafter referred to as "Plaintiff"), and respectfully files this Original Petition & Requests for Disclosure against Indiana Mills & Manufacturing, Inc., Seats Incorporated, and Paccar, Inc. (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

### I. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. Parties

2. Plaintiff Darlene Fuller is the surviving spouse of Danny Fuller, deceased. Plaintiff resides in and is a citizen of Yantis, Texas.

Plaintiff's Original Petition & Requests for Disclosure
Page 1 of 7

3. Defendant Indiana Mills & Manufacturing, Inc., is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant Seats Incorporated is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, Eric W. Sauey, at 1515 Industrial Street, Reedsburg, Wisconsin 53959.

5. Defendant Paccar, Inc, is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, The Prentice-Hall Corporation Syst, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. Tex. R. Civ. P. 47

6. As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now

provide that a Plaintiff must state how much money the Plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiff hereby states that Plaintiff is seeking monetary relief of over $1,000,000.

## IV. Facts

7. On or about August 31, 2012, Danny Fuller was driving a 2003 Kenworth T800 (VIN#1XKDDU9X43R3392434) pulling a tank semi-trailer traveling eastbound on State Highway 44, in Webb County, Texas, when suddenly he left the roadway and impacted a guardrail. Mr. Fuller's vehicle overturned after leaving the roadway and rolled onto its side.

8. At the time of the accident, Mr. Fuller was properly seated and wearing his three-point seat belt.

9. However, despite being properly restrained, Mr. Fuller sustained fatal injuries when the vehicle he was driving in failed to protect him.

## V. Cause(s) of Action as to Defendant(s)

10. It was entirely foreseeable to and well-known by one or more of the Defendants that accidents and incidents involving its/their vehicles and/or component parts, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicles and/or component parts.

11. The injuries and/or damages complained of occurred because the vehicle and/or component parts in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents.

12. The vehicle and/or component parts in question were unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

13. One or more of the Defendants, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle and/or component parts in question.

14. One or more of the Defendants knew or should have known of safer alternative designs which would have prevented the death of Danny Fuller.

15. One or more of the Defendants, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle and/or component parts in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because one or more of the Defendants knew and/or should have known of the following, non-exhaustive list of defects:

   a. the vehicle and/or safety systems failed to provide proper restraint;
   b. the vehicle and/or safety systems violated principles of crashworthiness by not providing proper restraint;
   c. despite properly wearing his seatbelt, and sitting properly in the seat, the driver was not effectively restrained;
   d. the defective condition of the vehicle and its safety systems were the producing cause of the injuries and damages in question;
   e. the vehicle as a whole was not properly tested which is negligence;
   f. the vehicle as a whole with its safety systems was not subjected to proper engineering analysis which is negligence;
   g. the seatbelt system failed to restrain him in a manner which restrained him within his safety zone;

    h. the seatbelt system utilized a device(s) which did not allow the seatbelt to be snug to his torso, introducing excess belt slack in the system;
    i. the restraint system components must work together like links in a chain or other safety systems are rendered in effective;
    j. the restraint system was defective and unreasonably dangerous;
    k. the seat itself, being an integral part of the restraint system, failed to maintain its integrity and vertical position, further introducing slack in the restraint system;
    l. the seat violated principles of crashworthiness;
    m. the cab structure and mounting arrangement did not protect him from lateral or rollover forces, as it separated from the vehicle frame and continued to roll;
    n. the lack of available side curtain, rollover sensing technology and pretensioners;
    o. Defendants failed to conduct proper engineering analysis and/or testing; and/or
    p. this negligence was the proximate cause of the injuries.

16. One or more of the Defendants was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

17. The foregoing acts and/or omissions of one of more of the Defendants were a producing and/or proximate cause of Danny Fuller's fatal injuries.

18. The foregoing acts and/or omissions of one of more of the Defendants were a producing and/or proximate cause of Plaintiff's damages.

## VI. Damages to Plaintiffs

19. As a result of the acts and/or omissions of the Defendant, Plaintiff has suffered past and future damages which include, but are not limited to, the following: loss of care, maintenance, support, services, advice, counsel, reasonable contribu-

tions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Danny Fuller.

20. Plaintiff seeks all damages available under Texas law.

21. As a result of the acts and/or omissions of the Defendant, Plaintiff has become obligated to pay reasonable and necessary funeral, and burial expenses as a result of the fatal injuries to Danny Fuller.

22. The above and foregoing acts and/or omissions of the Defendant, resulting in the fatal injuries to Danny Fuller, have caused actual damages to Plaintiff in excess the minimum jurisdictional limits of this Court.

## VII. Intent to Use Defendants' Documents

23. In accordance with Texas Rule of Civil Procedure Rule 193.7, Plaintiff hereby notifies Defendants that any and all documents produced to Plaintiff by Defendants in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## VIII. Requests for Disclosure

24. Under Texas Rule of Civil Procedure 194, Plaintiff hereby requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX. Conclusion and Prayer

25. For the reasons presented herein, Plaintiff prays that Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendants for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest beginning August 31, 2012;
   d. costs of suit; and
   e. all other relief that Plaintiff is entitled to at law and/or in equity, and/or that the Court deems proper.

Respectfully submitted,

**The TRACY firm**


/s E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, Texas 75231
(214) 324-9000 – Telephone
(972) 387-2205 – Facsimile

**Attorneys for Plaintiff**